THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TARA SIRABELLA, Appellant. [50 NYS3d 511]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered July 27, 2015, convicting her of operating a motor vehicle while under the influence of drugs in violation of Vehicle and Traffic Law § 1192 (4) and driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs in violation of Vehicle and Traffic Law § 1192 (4-a), upon her plea of guilty, and imposing sentence which included a conditional discharge and a fine in the sum of $1,000.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for further proceedings consistent herewith.

The defendant's contention that the mandatory surcharge imposed at sentencing should be waived is unpreserved for appellate review (*see People v Ruz*, 70 NY2d 942 [1988]; *People v Norelius*, 140 AD3d 799 [2016]) and, in any event, without merit (*see* CPL 420.35 [2]; *People v Jones*, 26 NY3d 730 [2016]; *People v Owens*, 10 AD3d 619 [2004]).

Although the defendant's contention that the County Court improperly imposed an enhanced sentence is unpreserved for appellate review, we reach the issue in the exercise of our interest of justice jurisdiction (*see People v Gregory*, 140 AD3d 1088, 1089 [2016]; *People v Carrasquillo*, 133 AD3d 774, 775 [2015]). The court improperly enhanced the defendant's sentence by

imposing a fine in the sum of $1,000 that was not part of the negotiated plea agreement, without affording the defendant an opportunity to withdraw her plea (*see People v Gregory*, 140 AD3d at 1089; *People v Roberts*, 139 AD3d 1092 [2016]; *People v Figueroa*, 82 AD3d 1006, 1007 [2011]). However, vacatur of the provision of the sentence imposing the fine, the remedy sought on appeal by the defendant and consented to by the People, would result in an illegal sentence. Insofar as relevant here, pursuant to Vehicle and Traffic Law § 1193 (1) (b) (i), a violation of Vehicle and Traffic Law § 1192 (4) or (4-a) is punishable by a fine of not less than $500 nor more than $1,000, or by imprisonment for not more than one year, or by both such fine and imprisonment.

Here, since the defendant was not sentenced to a term of imprisonment, but instead, a period of conditional discharge, the County Court was required to impose a fine in the range of $500 to $1,000 in order for the sentence to comply with Vehicle and Traffic Law § 1193 (1) (b) (i). Thus, if this Court were to vacate only the provision of the sentence imposing a fine in the sum of $1,000, the sentence would violate Vehicle and Traffic Law § 1193 (1) (b) (i). Under these circumstances, we vacate the entire sentence imposed, and remit the matter to the County Court, Suffolk County, to permit the defendant to choose between accepting the previously imposed sentence, including the fine in the sum of $1,000, or withdrawing her plea of guilty (*see People v Figueroa*, 82 AD3d at 1007). Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.