People v Steele (2020 NY Slip Op 01524)





People v Steele


2020 NY Slip Op 01524


Decided on March 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 5, 2020

109810

[*1]The People of the State of New York, Respondent,
v
Torrence Steele, Also Known as Mo, Appellant.

Calendar Date: January 17, 2020

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Colangelo, JJ.


Amanda FiggsGanter, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Egan Jr., J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered August 23, 2017, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
Defendant was charged in an indictment with various drug-related crimes as a result of his sale of cocaine to an undercover police informant. He was represented in the criminal action by counsel from the Public Defender's office. During the course of discovery, the People disclosed that "one of the People's primary witnesses ha[d] previously been represented by the [P]ublic [D]efender." Thereafter, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree in satisfaction of the charges contained in the indictment. He also waived his right to appeal. In accordance with the terms of the plea agreement, defendant was sentenced as a second felony drug offender with a violent predicate to four years in prison, followed by two years of postrelease supervision. Defendant appeals.
Defendant contends that he was denied the effective assistance of counsel because his attorney did not inform him of the existence of a potential conflict of interest prior to the entry of his guilty plea, which impacted its voluntariness. This claim, however, it is unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion (see People v Patterson, 177 AD3d 1027,
1028 [2019], lv denied ___ NY3d ___ [Jan. 17, 2020]; People v Harris, 82 AD3d 1449, 1449 [2011], lv denied 17 NY3d 953 [2011]).[FN1] To the extent that defendant also maintains that counsel was ineffective for failing to file an application requesting judicial diversion to a substance abuse treatment program — a claim that does not implicate the voluntariness of the plea —— it is precluded by defendant's unchallenged appeal waiver (see People v Major, 176 AD3d 1257, 1258 [2019], lv denied 34 NY3d 1017 [2019]).
Defendant further asserts that, due to counsel's ineffectiveness, his guilty plea was not knowing, voluntary and intelligent. This claim, however, is similarly unpreserved given the absence of a postallocution motion (see People v Griffin, 177 AD3d 1039, 1040 [2019], lv denied 34 NY3d 1078 [2019]; People v Hunt, 176 AD3d 1253, 1254 [2019]). Furthermore, defendant is precluded by his unchallenged appeal waiver from contesting the severity of the sentence (see People v Ray, 178 AD3d 1128, 1128 [2019]; People v Perez, 171 AD3d 1309, 1309-1310 [2019]).
Garry, P.J., Clark, Mulvey and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: To the extent that defendant's claim is based on evidence outside the record, it is more properly the subject of a CPL article 440 motion (see People v Patterson, 177 AD3d at 1028; People v Snare, 174 AD3d 1222, 1223 [2019], lv denied 34 NY3d 984 [2019]).