People v Harrington (2020 NY Slip Op 04209)





People v Harrington


2020 NY Slip Op 04209


Decided on July 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 23, 2020

112031

[*1]The People of the State of New York, Respondent,
v
Jerome A. Harrington, Appellant.

Calendar Date: June 10, 2020

Before: Garry, P.J., Clark, Mulvey, Aarons and Colangelo, JJ.


Stanclift Law, PLLC, Queensbury (Taalib T. Horton of counsel), for appellant.
Kristy L. Sprague, District Attorney, Elizabethtown (Kathryn M. Moryl of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered April 4, 2019, convicting defendant upon his plea of guilty of the crimes of sexual abuse in the first degree and endangering the welfare of a child.
Defendant pleaded guilty to sexual abuse in the first degree and endangering the welfare of a child as charged in a superior court information and waived his right to appeal. Other than a joint recommendation by the People and defense counsel that defendant be sentenced to a prison term of two years, followed by 10 years of postrelease supervision, on the sexual abuse conviction and a one-year jail term on the remaining conviction, there was no sentencing commitment by County Court. The court sentenced defendant to concurrent terms of five years in prison followed by 10 years of postrelease supervision on the sexual abuse conviction and one year in jail on the endangering the welfare of a child conviction. Defendant appeals.
Defendant contends that County Court imposed an enhanced sentence without first affording him an opportunity to withdraw his plea. Contrary to defendant's contention, the court did not impose an enhanced sentence. Rather, the court advised defendant of the maximum potential sentence that could be imposed and clearly informed him that it was making no sentencing promises nor was it bound by the joint sentencing recommendation. Further, the written plea agreement clearly noted that sentencing was in the sole discretion of the court and that there was no commitment by the court to impose the recommended sentence. As such, the sentence was not enhanced (see People v Mitchell, 144 AD3d 1327, 1328 [2016]). To the extent that defendant is attempting to challenge the severity of the sentence imposed, such issue is precluded by the unchallenged waiver of the right to appeal (see People v Steele, 181 AD3d 972, 973 [2020]; People v Parker, 173 AD3d 1557, 1559 [2019]). Defendant's contention that he was denied the effective assistance of counsel survives his appeal waiver to the extent that it impacts the voluntariness of his plea, but is nevertheless unpreserved for our review in the absence of an appropriate postallocution motion (see People v Almonte, 179 AD3d 1222, 1224 [2020], lv denied 35 NY3d 940 [2020]; People v Hunt, 176 AD3d 1253, 1254 [2019]).
Garry, P.J., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.