People v Reynolds (2020 NY Slip Op 05057)





People v Reynolds


2020 NY Slip Op 05057


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2016-02679
 (Ind. No. 3249/13)

[*1]The People of the State of New York, respondent,
v
Isaiah Reynolds, appellant.


Paul Skip Laisure, New York, NY (A. Alexander Donn of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Roni C. Piplani, and Peter R. Isham of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robert C. Kohm, J.), rendered January 12, 2016, convicting him of attempted criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant's purported waiver of his right to appeal was invalid. The defendant was incorrectly informed, in a preprinted waiver form, that his appellate waiver encompassed, in effect, any issue that might arise with regard to a predicate felony adjudication or an enhanced sentence (see People v Seaberg, 74 NY2d 1, 11; People v Batista, 167 AD3d 69, 75 n *; People v Salako, 165 AD3d 846, 847). The form also mischaracterized the appellate rights waived as encompassing an absolute bar to the pursuit of postconviction collateral relief, including relief pursuant to CPL 440.10 and 440.20 (see People v Thomas, 34 NY3d 565-566). None of these misleading statements were corrected by the Supreme Court during its oral colloquy (see People v Bradshaw, 18 NY3d 257, 267). Therefore, the purported waiver of the defendant's right to appeal cannot be considered knowing, voluntary, and intelligent (see People v Thomas, 34 NY3d at 566).
Since the defendant's purported appellate waiver was invalid, it does not preclude appellate review of the defendant's contentions concerning the suppression ruling (see People v Jemmott, 125 AD3d 1005, 1005-1006) or that the sentence imposed was excessive (see People v Quezada, 122 AD3d 948, 948-949).
On a motion to suppress physical evidence, the People bear the burden of establishing the legality of police conduct in the first instance (see People v Hernandez, 40 AD3d 777, 778). Once this burden is met, "the defendant bears the burden of establishing that the arrest was not based on probable cause or that the police conduct was otherwise illegal" (People v Fletcher, 130 AD3d 1063, 1064, affd 27 NY3d 1177). "A hearing court's determination as to witness credibility is accorded great weight on appeal, as it saw and heard the witnesses, and its determination will not be disturbed unless clearly unsupported by the evidence" (id. at 1064). "'The [*2]rule is that testimony which is incredible and unbelievable, that is, impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory, is to be disregarded as being without evidentiary value, even though it is not contradicted by other testimony or evidence introduced in the case'" (People v Maiwandi, 170 AD3d 750, 751, quoting People v Garafolo, 44 AD2d 86, 88 [internal quotation marks omitted]).
Under the circumstances of this case, the People established the legality of the police conduct in the first instance. At the suppression hearing, the People called a police officer who testified that on the night of the arrest, he was driving his vehicle on a street in Queens when the defendant, who was on foot, fell in front of the vehicle, causing the officer to slam on his brakes. The officer and his partner exited the vehicle and approached the defendant, at which time the officer observed a large, clear plastic bag sticking out of the defendant's left jeans pocket. Within the protruding plastic bag the officer observed two or three smaller clear bags that contained what appeared to be crack cocaine. These observations gave the officer probable cause to arrest the defendant and to seize the physical evidence (see People v Santiago, 165 AD3d 417, 418; People v Robinson, 38 AD3d 572, 573). Contrary to the defendant's contention, there was nothing incredulous or patently false about this testimony, nor does it describe circumstances that are physically impossible (see People v Santiago, 165 AD3d at 418).
The Supreme Court did not err in denying the defendant's request at the suppression hearing for an adjournment in order to procure evidence that defense counsel speculated would be useful in impeaching the People's witness (see People v McRae, 62 AD3d 723, 724).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., BALKIN, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court