People v Joseph (2020 NY Slip Op 05928)





People v Joseph


2020 NY Slip Op 05928


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2016-01591
 (Ind. No. 101/15)

[*1]The People of the State of New York, respondent,
v
Hermon Joseph, appellant.


Paul Skip Laisure, New York, NY (Dina Zloczower of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Stephen J. Rooney, J.), rendered January 25, 2016, convicting him of criminal possession of stolen property in the fourth degree, upon his plea of guilty, and imposing a definite term of imprisonment of one year.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence from a definite term of imprisonment of one year to a definite term of imprisonment of 364 days; as so modified, the judgment is affirmed.
The defendant's purported waiver of his right to appeal was invalid because the Supreme Court's colloquy mischaracterized the appellate rights waived as encompassing an absolute bar to the taking of a direct appeal, and failed to inform the defendant that appellate review remained available for certain issues (see People v Thomas, 34 NY3d 545; People v Howard, 183 AD3d 640). Further, the written waiver form signed by the defendant was insufficient to overcome the deficiencies in the court's explanation of the waiver of the right to appeal, since it did not contain language clarifying that appellate review remained available for certain issues (see People v Contreras, 183 AD3d 759). Thus, the purported waiver does not preclude this Court from reviewing the issue of whether the defendant's sentence was excessive (see People v Fuller, 163 AD3d 715).
Although the defendant has served his sentence, the question of whether the sentence imposed should be reduced is not academic, since the sentence may have potential immigration consequences (see People v Aisewomhonio, 131 AD3d 1177).
The defendant's contention that the sentence imposed violated the Eighth Amendment to the United States Constitution and article I, section 5 of the New York State Constitution prohibiting cruel and unusual punishment is unpreserved for appellate review (see People v Pena, 28 NY3d 727, 730), and, in any event, without merit (see People v Rolling, _____ AD3d _____, 2020 NY Slip Op 04872 [2d Dept]). However, considering all of the relevant circumstances of this case, including but not limited to the potential immigration consequences to the defendant, we reduce his sentence to a definite term of imprisonment of 364 days (see People v Bakayoko, 174 [*2]AD3d 730; People v Weston, 98 AD3d 1066, 1067).
BALKIN, J.P., CHAMBERS, COHEN, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court