People v Stinson (2020 NY Slip Op 07599)





People v Stinson


2020 NY Slip Op 07599


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-02149
 (Ind. No. 465/18)

[*1]The People of the State of New York, respondent,
v
Daquan Stinson, appellant.


Judith E. Permutt, Mount Vernon, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (George E. Fufidio, J.), rendered December 4, 2018, convicting him of attempted gang assault in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Thomas, 34 NY3d 545, 559-565). The County Court's oral colloquy mischaracterized the nature of the appeal waiver as an absolute bar to the taking of a direct appeal and a forfeiture of the attendant right to counsel and poor person relief (see People v Thomas, 34 NY3d at 565-566; People v Howard, 183 AD3d 640). The court failed to clarify that select issues survive the appeal waiver (see People v Thomas, 34 NY3d at 566), and did not explain that the appellate rights the defendant was waiving were separate and distinct from the rights automatically forfeited by pleading guilty (see People v Chy, 184 AD3d 664, 665). The written waiver and off-the-record conversation with the defendant's counsel were insufficient to cure the deficiencies in the oral colloquy and were not a proper substitute for the court's on-the-record explanation of the nature of the right to appeal (see People v Brown, 122 AD3d 133, 138-139; People v Bradshaw, 76 AD3d 566, 569). Accordingly, the defendant's purported appeal waiver is invalid (see People v Thomas, 34 NY3d at 566).
Nevertheless, the defendant's challenge to the County Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) is not properly before this Court, as the defendant's plea of guilty foreclosed appellate review of this claim (see People v Sirico, 135 AD3d 19, 24; People v Johnson, 104 AD3d 705, 706; People v Gerber, 182 AD2d 252, 260).
Furthermore, the defendant's contention that his plea of guilty was not voluntary because he was coerced by the Sandoval ruling is not preserved for appellate review, as he did not move to withdraw the plea or otherwise object to it prior to sentencing (see CPL 470.05[2]; People v Murray, 186 AD3d 625, 666), and he did not move to vacate his judgment of conviction in the County Court (see CPL 440.10; People v Peque, 22 NY3d 168, 182). In any event, the record [*2]demonstrates that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Strongminton, 169 AD3d 723; People v Bryant, 159 AD3d 715, 716).
MASTRO, J.P., MILLER, DUFFY, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court