People v Gamble (2021 NY Slip Op 03049)





People v Gamble


2021 NY Slip Op 03049


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-14587
 (Ind. No. 127/19)

[*1]The People of the State of New York, respondent,
v
Marquis Gamble, appellant.


Richard L. Herzfeld, New York, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered October 10, 2019, convicting him of criminal sale of a controlled substance in the second degree, attempted operating as a major trafficker, and conspiracy in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowingly, intelligently, and voluntarily entered is unpreserved for appellate review, since he did not move to withdraw the plea or otherwise raise the issue before the County Court (see CPL 470.05[2]; People v Coverdale, 189 AD3d 1610, 1611). In any event, this contention is without merit. Contrary to the defendant's contention, his attorney and the court accurately stated, after he had already expressed his desire to enter a plea of guilty to the charges including criminal sale of a controlled substance in the second degree, that "giving narcotics to another individual constitutes a sale" under the Penal Law (see Penal Law § 220.00[1]; People v Herring, 83 NY2d 780, 782; cf. People v Cruz, 176 AD3d 852, 855-856).
Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid, since the County Court's colloquy mischaracterized the appellate rights waived as encompassing an absolute bar to the taking of a direct appeal, and failed to inform the defendant that appellate review remained available for certain issues (see People v Thomas, 34 NY3d 545, 566; People v Howard, 183 AD3d 640). Moreover, the court failed to explain that the appellate rights the defendant was waiving were separate and distinct from the rights automatically forfeited by pleading guilty (see People v Stinson, 189 AD3d 1271), or that the right to appeal ordinarily survives a plea of guilty (see People v Alston, 163 AD3d 843, 844). The court also failed to ascertain on the record that the defendant was aware of the contents of a written waiver and fully understood its nature and consequences (see People v Smith, 171 AD3d 803; People v Brown, 122 AD3d 133, 139).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d [*2]80).
CHAMBERS, J.P., MILLER, DUFFY, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court