People v Kiefer (2021 NY Slip Op 04058)





People v Kiefer


2021 NY Slip Op 04058


Decided on June 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 24, 2021

110490
[*1]The People of the State of New York, Respondent,
v
Joshua Kiefer, Appellant.

Calendar Date:June 3, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Lindsay H. Kaplan, Kingston, for appellant.
Meagan K. Galligan, District Attorney, Monticello (Kristin L. Hackett of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered May 23, 2018, convicting defendant upon his plea of guilty of the crimes of burglary in the third degree and criminal mischief in the third degree.
Defendant was arrested on a charge of burglary in the second degree and, at an appearance on July 29, 2015, County Court released him to a pretrial release program on the condition that he participate in an inpatient treatment program. Over the next year, defendant progressed in inpatient treatment, was transferred to a new facility, left that program and, in November 2015, was released again to a new inpatient treatment program in lieu of posting bail, where he remained for over a year. In January 2017, defendant was arrested for criminal mischief in the third degree and apparently resumed inpatient treatment. In February 2018, pursuant to a plea agreement, defendant waived indictment and pleaded guilty to burglary in the third degree and criminal mischief in the third degree as charged in the superior court informations, and executed waivers of appeal. The People committed to recommending a sentence of up to 2&frac13; to 7 years in prison, and defendant was allowed to advocate for a lower sentence including probation. County Court made no sentencing promise, and defendant's release for inpatient treatment was continued pending sentencing.
Defendant was subsequently arrested after he reportedly tested positive for drugs not prescribed to him and left inpatient treatment. At sentencing, the People argued that, by leaving the treatment program, defendant had violated the terms of his participation in treatment and County Court's warnings and directives to comply with the conditions of his pretrial release program. As a result, the People increased their sentencing recommendation, advocating for consecutive sentences of 2&frac13; to 7 years for the burglary conviction and 1 to 3 years for the criminal mischief conviction. The court, finding that defendant had committed a "serious Parker warnings violation," imposed concurrent sentences of 2&frac13; to 7 years on the burglary conviction and 1&frac13; to 4 years on the criminal mischief conviction. Defendant appeals.
Defendant argues that County Court erred in imposing what he characterizes as an "enhanced" sentence without affording him an opportunity to withdraw his guilty plea, on the ground that he was never advised that failure to remain in the treatment program could subject him to a greater sentence.[FN1] "Although a sentencing court may not impose an enhanced sentence unless it has informed the defendant of specific conditions that the defendant must abide by or risk such enhancement, or give the defendant an opportunity to withdraw his or her plea before the enhanced sentence is imposed" (People v Anderson, 177 AD3d 1031, 1032 [2019] [internal quotation marks, brackets and citations omitted]), the record reflects that the sentence imposed here was not enhanced as there was no agreed[*2]-upon sentence. To that end, although the People reserved the right to advocate for a sentence up to a specified aggregate cap,[FN2] the court made no sentencing promise or commitment and retained discretion to impose a sentence up to that cap. Accordingly, the sentence, which did not exceed the cap, was not enhanced (see People v Harrington, 185 AD3d 1301, 1302 [2020]; People v Mitchell, 144 AD3d 1327, 1328 [2016]).
To the extent that defendant argues that County Court erred in finding that he violated his release conditions or Parker warnings, this claim is not preserved for our review given his failure to raise any objection thereto before that court (see CPL 470.05 [2]; People v McCargo, 170 AD3d 1377, 1379 [2019]). We decline defendant's request to take corrective action in the interest of justice.
Garry, P.J., Egan Jr., Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant's unchallenged waiver of appeal does not preclude this argument (see People v Gilbert, 145 AD3d 1196, 1197 [2016], lv denied 28 NY3d 1184 [2017]).

Footnote 2: Defendant does not contend that the People violated the terms of the plea agreement by advocating for consecutive sentences.