People v Hutchinson (2021 NY Slip Op 05719)





People v Hutchinson


2021 NY Slip Op 05719


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS
WILLIAM G. FORD, JJ.


2019-08601
 (Ind. No. 18-00112)

[*1]The People of the State of New York, respondent,
v
Andrew Hutchinson, also known as "Jimmy," appellant.


Walter J. Storey, Goshen, NY, for appellant.
Letitia James, Attorney General, New York, NY (Lisa E. Fleischmann of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Orange County (Craig Stephen Brown, J.), imposed July 27, 2018, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid, as the record does not demonstrate that the waiver was made knowingly, intelligently, and voluntarily (see People v Bradshaw, 18 NY3d 257, 264). The County Court's oral colloquy mischaracterized the nature of the appeal waiver as an absolute bar to the taking of a direct appeal (see People v Bisono, 36 NY3d 1013; People v Thomas, 34 NY3d 545; People v Brenner, 193 AD3d 875). Further, the written waiver of the right to appeal and an off-the-record conversation with the defendant's counsel are insufficient to uphold the waiver, as they are not permissible substitutes for the court's proper apprisal of the nature and scope of the appeal waiver (see People v Stinson, 189 AD3d 1271; People v Neilson, 167 AD3d 779, 780 ). Thus, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim (see People v Fuller, 163 AD3d 715).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., AUSTIN, DUFFY, BARROS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court