People v Mitchell (2022 NY Slip Op 00317)





People v Mitchell


2022 NY Slip Op 00317


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2020-01498
 (Ind. No. 1152/19)

[*1]The People of the State of New York, respondent,
v
Karreem U. Mitchell, appellant.


Patricia Pazner, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel; Devin G. McGowan on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John F. Zoll, J.), rendered January 16, 2020, convicting him of burglary in the first degree, burglary in the third degree (five counts), and attempted burglary in the third degree (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating so much of the sentence as imposed mandatory surcharges and fees; as so modified, the judgment is affirmed.
Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid, since the Supreme Court's colloquy mischaracterized the appellate rights waived as encompassing an absolute bar to the taking of a direct appeal, and failed to inform the defendant that appellate review remained available for certain issues (see People v Thomas, 34 NY3d 545, 566; People v Gamble, 194 AD3d 838, 838-839). Moreover, the court never elicited an acknowledgment that the defendant was voluntarily waiving his right to appeal (see People v Kang, 183 AD3d 640, 641; People v Birch, 171 AD3d 938). Further, the court failed to ascertain on the record whether the defendant had read the written waiver of the right to appeal signed by him, discussed the written waiver with counsel, or was even aware of its contents (see People v Birch, 171 AD3d at 939). In addition, the written waiver mischaracterized the nature of the appeal waiver as including a forfeiture of the attendant right to counsel and poor person relief (see People v Brenner, 193 AD3d 875), and mischaracterized the appellate rights waived as encompassing an absolute bar to the pursuit of postconviction collateral relief, including relief pursuant to CPL 440.10 and 440.20 (see People v Thomas, 34 NY3d at 565-566; People v Reynolds, 186 AD3d 1535). Therefore, the defendant's purported waiver of the right to appeal was invalid, and does not preclude appellate review of the defendant's excessive sentence claim (see People v Fuller, 163 AD3d 715).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
As consented to by the People, we modify the judgment by vacating the mandatory surcharges and fees imposed on the defendant at sentencing (see People v Henry P.-M., 196 AD3d 650, 651; People v Johnson, 193 AD3d 1076, 1077; People v Chirinos, 190 AD3d 434, 435).
RIVERA, J.P., CHRISTOPHER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court