People v Mendez (2022 NY Slip Op 00882)





People v Mendez


2022 NY Slip Op 00882


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-06259
2019-02124

[*1]The People of the State of New York, respondent,
v
Anthony Mendez, appellant. (S.C.I. Nos. 611/18, 612/18)


Patricia Pazner, New York, NY (Caitlyn Carpenter of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Katherine A. Triffon of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Queens County (Gia Morris, J.), both rendered April 19, 2018, convicting him of attempted robbery in the second degree under Superior Court Information No. 611/18, and attempted robbery in the third degree under Superior Court Information No. 612/18, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
As the defendant correctly argues, the record demonstrates that he did not knowingly, voluntarily, and intelligently waive his right to appeal. The Supreme Court's oral colloquy mischaracterized the nature of the appeal waiver as an absolute bar to the taking of a direct appeal and a forfeiture of the attendant right to counsel and poor person relief (see People v Thomas, 34 NY3d 545, 565-566; People v Howard, 183 AD3d 640). The court failed to clarify that certain issues survive the appeal waiver (see People v Thomas, 34 NY3d at 566). The written waiver and off-the-record conversation with the defendant's counsel were insufficient to cure the deficiencies in the oral colloquy (see People v Stinson, 189 AD3d 1271, 1272). Moreover, the written waiver contained improper language indicating, inter alia, that the appeal waiver included a forfeiture of the attendant right to counsel and poor person relief (see People v Brenner, 193 AD3d 875). Thus, the purported waiver does not preclude review of the defendant's contentions regarding the sentences imposed.
However, the defendant's contention that the sentences imposed violated the Eighth Amendment to the United States Constitution and article I, section 5, of the New York State Constitution prohibiting cruel and unusual punishment is unpreserved for appellate review (see People v Pena, 28 NY3d 727, 730) and, in any event, without merit (see People v Joseph, 187 AD3d 1050, 1051; People v Parsley, 150 AD3d 894, 896).
Further, under the circumstances presented, we decline to reduce the sentences imposed in the interest of justice (see People v Lall, 174 AD3d 740; People v Suitte, 90 AD2d 80).
DILLON, J.P., DUFFY, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court