People v Robinson (2022 NY Slip Op 03010)

People v Robinson

2022 NY Slip Op 03010

Decided on May 4, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-06978
 (Ind. No. 1792/17)

[*1]The People of the State of New York, respondent,
v
Donell Robinson, appellant.

Patricia Pazner, New York, NY (Sarah B. Cohen of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Christopher Blira-Koessler, and Natasha R. Pooran of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered May 13, 2019, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Barry A. Schwartz, J.), after a Darden hearing (People v Darden, 34 NY2d 177), and after a combined Mapp/Dunaway/Huntley hearing (Mapp v Ohio, 367 US 643; Dunaway v New York, 442 US 200; People v Huntley, 15 NY2d 72), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the defendant's adjudication as a second felony offender and the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for a second felony offender hearing and for resentencing thereafter.
Based upon a tip from a paid confidential informant that a person matching the defendant's description at a specified location possessed a gun, police arrested the defendant at that location. As the defendant was placed under arrest, he stated, "I have a firearm in my waistband," and the firearm was recovered from his person. After a Darden hearing (People v Darden, 34 NY2d 177), and a combined Mapp/Dunaway/Huntley hearing (Mapp v Ohio, 367 US 643; Dunaway v New York, 442 US 200; People v Huntley, 15 NY2d 72), the Supreme Court denied those branches of the defendant's omnibus motion which were to suppress the gun and his statement. The defendant pleaded guilty to attempted criminal possession of a weapon in the second degree, and purportedly waived his right to appeal. He was sentenced as a second felony offender, based upon a prior conviction in the State of Connecticut.
Both the defendant's written waiver of his right to appeal and the oral colloquy "mischaracterized the appellate rights waived as encompassing an absolute bar to the pursuit of postconviction collateral relief, including relief pursuant to CPL 440.10" (People v Mitchell, 201 AD3d 818, 818; see People v Bisono, 36 NY3d 1013, 1017; People v Thomas, 34 NY3d 545, 566; People v Reynolds, 186 AD3d 1535). Further, the Supreme Court, when eliciting the defendant's waiver, strung a number of questions together to elicit one answer. Under the circumstances, the [*2]defendant's purported waiver of his right to appeal was invalid (see People v Hutchinson, 177 AD3d 1002).
The defendant claims that his arrest was without probable cause. Probable cause for a warrantless arrest may be based upon hearsay information that meets a two-part test, known as the Aguilar-Spinelli rule (see Spinelli v United States, 393 US 410; Aguilar v Texas, 378 US 108), based upon proof that the informant was reliable and that the informant had a sufficient basis for his or her knowledge (see People v Parris, 83 NY2d 342, 349). In other words, the informant must be generally trustworthy and the information must be obtained in a reliable way (see People v Ketcham, 93 NY2d 416, 420).
Here, the informant was a long-term paid confidential informant for the police. Since the police knew his identity and he was in their employ, his reliability was established: if the information he provided were false, he could be subject to a potential penalty (see People v Jean-Charles, 226 AD2d 395, 395-396).
The testimony at the Darden hearing established that the informant had personal knowledge that the defendant was carrying a gun. Further, it was clear to the police that the informant was in a position to have personal knowledge that the defendant had a gun, since the informant and the defendant were together at the location where the defendant ultimately was arrested, and the informant's description of the defendant's appearance and location was extremely detailed (see People v Rodriguez, 52 NY2d 483, 493; People v Jackson, 235 AD2d 923, 924). Under the circumstances, suppression was properly denied (see People v Stratton, 201 AD3d 1201, 1203).
Although the defendant did not preserve for appellate review the issue of whether he was properly sentenced as a second felony offender, we reach that issue in the exercise of our interest of justice jurisdiction. The defendant's prior conviction in Connecticut was for larceny in the first degree under Connecticut General Statutes former § 53a-122(a). This statute defined grand larceny differently under several subdivisions, not all of which are felonies under New York law. To determine which subdivision applied to this defendant, the Supreme Court could have looked at the Connecticut accusatory instrument to determine the subdivision of the Connecticut statute under which the defendant was convicted (see People v Yancy, 86 NY2d 239, 247; People v Gonzalez, 61 NY2d 586). However, the Connecticut accusatory instrument is not in the record.
Accordingly, in the interest of justice, we vacate the defendant's adjudication as a second felony offender and the sentence imposed, and remit the matter to the Supreme Court, Queens County, for a second felony offender hearing and for resentencing thereafter.
The defendant's remaining contentions are without merit.
BARROS, J.P., MALTESE, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court