People v Michel (2023 NY Slip Op 05743)

People v Michel

2023 NY Slip Op 05743

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2021-06936
 (Ind. No. 128/19)

[*1]The People of the State of New York, respondent,
v
Garry Michel, appellant.

Richard L. Herzfeld, New York, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Edward D. Saslaw of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered September 9, 2021, convicting him of conspiracy in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's purported waiver of his right to appeal was invalid. The County Court mischaracterized the nature of the right to appeal by stating that the defendant's conviction and sentence would be final (see People v Marinelli, 205 AD3d 734; People v Baker, 204 AD3d 824), and the written waiver form did not clarify that appellate review remained available for select issues (see People v Thomas, 34 NY3d 545, 566).
The defendant's contention that the County Court improperly imposed an enhanced sentence is unpreserved for appellate review (see CPL 470.05[2]). In any event, the defendant's contention is without merit. The defendant did not receive an enhanced sentence, as he did not receive a sentence above the court's promised sentence cap (see People v Johnson, 217 AD3d 883, 883; People v Kiefer, 195 AD3d 1315, 1316-1317; People v Harrington, 185 AD3d 1301, 1302).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel (see Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708).
The defendant contends that the County Court erred in declining to entertain his pro se motion to proceed as pro se cocounsel. However, the defendant withdrew all motions, both pending and decided, as a condition of his plea of guilty. By withdrawing those motions, the defendant waived his right to seek appellate review of this issue (see People v Cabot, 210 AD3d 902; People v Dunkins, 231 AD2d 587, 588).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
BRATHWAITE NELSON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court