People v Jules (2024 NY Slip Op 05988)

People v Jules

2024 NY Slip Op 05988

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2019-09112
 (Ind. No. 329/17)

[*1]The People of the State of New York, respondent,
v
Marckindale Jules, appellant.

Salvatore C. Adamo, New York, NY, for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Carrie A. Ciganek of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (David S. Zuckerman, J.), rendered May 31, 2018, convicting him of assault in the second degree and resisting arrest, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant failed to preserve for appellate review his contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered because the County Court did not adequately advise him of the immigration consequences of his plea, as he failed to raise the issue or move to withdraw his plea despite indicating on the record that he was aware that his plea of guilty may result in his deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States (see CPL 220.60[3]; 470.05[2]; People v Pastor, 28 NY3d 1089, 1090; People v Peque, 22 NY3d 168, 182). In any event, the defendant's contention is without merit, as the record demonstrates that the court fulfilled its obligation to provide the defendant with a "short, straightforward statement on the record" advising him that he could be deported as a result of his guilty plea (People v Peque, 22 NY3d at 197; see People v Lopez, 193 AD3d 1077; People v Ruiz-Solano, 188 AD3d 1267).
The defendant's purported waiver of his right to appeal was invalid, since the County Court's colloquy mischaracterized the appellate rights being waived as encompassing an absolute bar to the taking of a direct appeal and failed to inform the defendant that appellate review remained available for select issues (see People v Thomas, 34 NY3d 545, 566; People v Mitchell, 201 AD3d 818; People v Gamble, 194 AD3d 838, 838-839). Therefore, the defendant's purported waiver does not preclude appellate review of his excessive sentence claim. In addition, contrary to the People's contention, although the defendant has served his sentence, the question of whether the sentence imposed should be reduced is not academic, because the sentence imposed has potential immigration consequences (see People v Carpiochuqui, 201 AD3d 945; People v Joseph, 187 AD3d 1050, 1051). Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
LASALLE, P.J., CHAMBERS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court