People v Taj W. (2025 NY Slip Op 01119)

People v Taj W.

2025 NY Slip Op 01119

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2022-08211
 (Ind. No. 70992/21)

[*1]The People of the State of New York, respondent,
v
Taj W. (Anonymous), appellant.

Patricia Pazner, New York, NY (Victoria L. Benton of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel; Deanna Russo on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Bruna L. DiBiase, J.), rendered August 30, 2022, adjudicating him a youthful offender, upon his plea of guilty to robbery in the second degree, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 256). The Supreme Court's terse plea colloquy failed to advise the defendant that he would ordinarily retain the right to appeal even after pleading guilty, that a waiver of the right to appeal is separate and distinct from the waiver of a trial and other rights by a plea of guilty, or that he was being asked to waive his right to appeal as a condition of the plea agreement (see People v Hall, 224 AD3d 776; People v Stinson, 189 AD3d 1271; People v Mojica, 178 AD3d 856). In light of the defendant's young age and background, the written waiver form was insufficient to overcome the deficiencies in the oral appeal waiver colloquy (see People v Muhammad, 231 AD3d 868; People v Farrell, 169 AD3d 919, 920). Thus, the purported appeal waiver does not preclude appellate review of the defendant's claim that the sentence imposed was excessive (see People v Haughton, 229 AD3d 467).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention that the mandatory surcharge and fee imposed at sentencing (see Penal Law § 60.35[1][a]) should be waived pursuant to CPL 420.35(2-a) is unpreserved for appellate review (see id. § 470.05[2]). In any event, as the record does not establish any of the grounds enumerated in the statute to waive such fees and charges, the defendant's contention is without merit (see id. § 420.35[2-a][a]-[c]; People v Taylor, 209 AD3d 772, 773; People v Attah, 203 AD3d 1063).
DILLON, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court