People v Hanlon (2025 NY Slip Op 05818)

People v Hanlon

2025 NY Slip Op 05818

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-02227
 (Ind. No. 70039/22)

[*1]The People of the State of New York, respondent,
v
Jeff T. Hanlon, appellant.

Arza Feldman, Manhasset, NY, for appellant.
Robert V. Tendy, District Attorney, Carmel, NY, for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Putnam County (Anthony R. Molé, J.), rendered February 8, 2023, convicting him of attempted assault in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the factual insufficiency of the plea allocution rendered his plea involuntary and unintelligent is unpreserved for appellate review, as the defendant did not move to withdraw his plea or otherwise raise this issue before the County Court (see CPL 470.05[2]; People v Lopez, 71 NY2d 662, 665; People v Escobargarcia, 237 AD3d 1221, 1222; People v Javiel, 231 AD3d 967). The exception to the preservation requirement does not apply in this case because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Lopez, 71 NY2d at 666; People v Escobargarcia, 237 AD3d at 1222; People v Javiel, 231 AD3d at 967). In any event, the defendant's contention is without merit, since the record clearly establishes that his plea of guilty was knowingly, voluntarily, and intelligently entered after he was fully advised of the rights that he was forfeiting by pleading guilty (see People v Sougou, 26 NY3d 1052, 1055; People v Escobargarcia, 237 AD3d at 1222).
Contrary to the defendant's contention, he validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 564-566; People v Lopez, 6 NY3d 248, 254). The defendant's valid waiver of his right to appeal precludes appellate review of his contentions that the sentence imposed was excessive and constituted cruel and unusual punishment (see People v Lopez, 6 NY3d at 256; People v Myke, 232 AD3d 913). Contrary to the contentions of our dissenting colleague, although it would have been a better practice for the County Court to engage in a fuller colloquy, the record is sufficient to establish that the defendant knowingly and intelligently waived his right to appeal (see People v Lopez, 6 NY3d at 257).
CHAMBERS, J.P., DOWLING and LOVE, JJ., concur.
WOOTEN, J., concurs in part and dissents in part, and votes to affirm the judgment, with the following memorandum:
I respectfully disagree with my colleagues in the majority that the defendant validly waived his right to appeal.
"A waiver of the right to appeal is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d 248, 256; see People v Bradshaw, 18 NY3d 257, 264). "To that end, a defendant must comprehend that an appeal waiver 'is separate and distinct from those rights automatically forfeited upon a plea of guilty'" (People v Bradshaw, 18 NY3d at 264, quoting People v Lopez, 6 NY3d at 256). Further, "'a thorough explanation should include an advisement that, while a defendant ordinarily retains the right to appeal even after he or she pleads guilty, the defendant is being asked, as a condition of the plea agreement, to waive that right'" (People v Slade, 180 AD3d 1073, 1074 [internal quotation marks omitted], quoting People v Batista, 167 AD3d 69, 76). As this Court has observed, "[f]ar too often, . . . trial courts fail to conduct a thorough colloquy to ensure that a defendant understands the important right she or he is being asked to give up" (People v Batista, 167 AD3d at 78).
Here, the County Court's terse appeal waiver colloquy was woefully inadequate. Immediately following the court's discussion of the plea, the court stated that "with regard to your right of appeal, as a condition of this negotiated plea the People are requiring that you waive your right to appeal your conviction and sentence to the Appellate Division, Second Department, to the extent permitted by law." However, the court failed to advise the defendant either that he would ordinarily retain the right to appeal even after pleading guilty or that a waiver of the right to appeal is separate and distinct from the waiver of a trial and other rights by a plea of guilty (see People v Taj W., 235 AD3d 1016, 1016; People v Hall, 224 AD3d 776).
The County Court then provided a basic explanation of the nature of an appeal, stating the following: "Taking an appeal means going before a higher court and asking that court to reconsider issues concerning your conviction and sentence. The Appellate Division, Second Department is a higher court than this one." However, the court did not explain that a defendant may, on appeal, argue that an error took place that requires a modification or reversal of the conviction or that a reversal would require either new proceedings in the County Court or a dismissal.
Further, although the County Court stated that a defendant who could not afford an attorney due to indigence would have the right to have an attorney assigned to assist in bringing the appeal, the court failed to advise the defendant that the appeal waiver did not encompass the loss of attendant rights to counsel and the waiver of costs, fees, and expenses (see People v King, 231 AD3d 747, 748; People v Hopkins, 227 AD3d 734).
Moreover, the County Court's colloquy mischaracterized the nature of the appeal waiver by stating that as a result of the waiver, "your conviction and sentence would be final" (emphasis added). Although the court had earlier stated that "by waiving your right to appeal . . . , with very few exceptions you are specifically giving up your right to have your conviction and sentence reviewed by a higher court," the court's subsequent statement that the "conviction and sentence would be final," without any qualifying language such as the conviction and sentence would "normally" be final, improperly suggested that the waiver may be an absolute bar to the taking of an appeal (see People v King, 231 AD3d at 748; People v Matthews, 220 AD3d 719).
In addition, the County Court did not advise the defendant that if he still wished to appeal, he could do so by filing a notice of appeal with the court and the District Attorney within 30 days of the sentence (cf. People v Marchetti, 185 AD3d 839, 840).
Although the defendant executed a written appeal waiver form, the written waiver was insufficient to cure the deficiencies in the oral colloquy, as it failed to indicate that the defendant would ordinarily retain the right to appeal even after pleading guilty, that a waiver of the right to appeal is separate and distinct from the waiver of a trial and other rights by a plea of guilty, that appellate review would remain for certain issues, or that the waiver did not encompass the loss of attendant rights to counsel and the waiver of costs, fees, and expenses (see People v Edwards, 223 [*2]AD3d 840, 840-841; People v Mendez, 202 AD3d 834, 835).
Thus, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d at 256), and the purported waiver does not preclude appellate review of the defendant's contentions that the sentence imposed was excessive and constituted cruel and unusual punishment.
Nevertheless, the sentence imposed was not excessive and did not constitute cruel and unusual punishment (see People v Suitte, 90 AD2d 80). Moreover, I agree with my colleagues in the majority that the defendant's contention that his plea of guilty was involuntary and unintelligent is unpreserved for appellate review and, in any event, is without merit. Accordingly, I vote to affirm.
ENTER:
Darrell M. Joseph
Clerk of the Court