People v Tatro (2026 NY Slip Op 00547)

People v Tatro

2026 NY Slip Op 00547

Decided on February 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 5, 2026

CR-22-1954
[*1]The People of the State of New York, Respondent,
vThomas C. Tatro, Appellant.

Calendar Date:January 14, 2026

Before:Reynolds Fitzgerald, J.P., Ceresia, Fisher, McShan and Mackey, JJ.

Craig Meyerson, Peru, for appellant.
Michael P. Langey, District Attorney, Elizabethtown (Kevin P. Mallery of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Essex County (Richard Meyer, J.), rendered June 23, 2022, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree.
In satisfaction of two felony complaints, defendant waived indictment and pleaded guilty to a superior court information charging him with criminal contempt in the first degree and agreed to waive his right to appeal. Although the People agreed to recommend jail time and a term of probation, County Court made no sentence commitment and advised defendant of the maximum permissible sentence exposure. Thereafter, the court sentenced defendant to the maximum prison term of 1⅓ to 4 years. Defendant appeals.
Initially, to the extent that defendant's contention can be read as a challenge to the severity of the sentence imposed, such contention is precluded by the unchallenged waiver of his right to appeal (see People v Chan, 214 AD3d 1071, 1073 [3d Dept 2023], lv denied 40 NY3d 927 [2023]; People v Harrington, 185 AD3d 1301, 1302 [3d Dept 2020]). Further, defendant's challenge to the voluntariness of the plea, which issue is not precluded by an appeal waiver, is unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion (see People v Mahood, 238 AD3d 1433, 1434 [3d Dept 2025], lv denied 44 NY3d 983 [2025]; People v Quarterman, 238 AD3d 1385, 1385-1386 [3d Dept 2025]).
Reynolds Fitzgerald, J.P., Fisher, McShan and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.