People v Telfair

2026 NY Slip Op 50708(U)

April 30, 2026

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Crimes—Appeal--Waiver

The People of the State of New York, Respondent,

v

Donald Telfair, Appellant.

Supreme Court, Appellate Term, Second Department, 9th And 10th Judicial Districts

Decided on April 30, 2026

2025-822 S CR

Present: : Joseph R. Conway, J.P., Timothy S. Driscoll, Maureen T. Liccione, JJ

Richard L. Herzfeld, for appellant.

Suffolk County District Attorney (Karla Lato of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (F. Scott Carrigan, J.), rendered April 14, 2025. The judgment convicted defendant, upon a plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposed sentence.

[*1]

ORDERED that the judgment of conviction is affirmed.

On January 8, 2025, defendant pleaded guilty to criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) under docket No. CR-018445-24SU. Defendant was sentenced on April 14, 2025.

On appeal, defendant argues that his appeal waiver was not knowing, voluntary, and intelligent; that he was deprived of his right to due process when the District Court imposed an enhanced sentence without making further inquiry to determine whether he had violated a presentence condition of his plea agreement by being arrested for a new offense; that this court should apply CPL 420.35 (2-a) to vacate the mandatory surcharge and fees imposed at sentencing despite defendant being over age 21 at the time of the subject offense; and, alternatively, that CPL 420.35 (2-a) is unconstitutional because its limitation of relief to persons under age 21 at the time [*2]of the offense constitutes impermissible discrimination.

As the People correctly concede, the record does not establish that defendant's waiver of the right to appeal was knowing, voluntary, and intelligent (see People v Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Thomas, 34 NY3d 545, 565-566 [2019]). The District Court's oral colloquy mischaracterized the nature of the appeal waiver as an absolute bar to the taking of a direct appeal, and failed to inform defendant that appellate review remained available for certain issues (see People v Edwards, 223 AD3d 840, 840 [2024]; People v Matthews, 220 AD3d 719, 719 [2023]). The court also did not explain that the appellate rights that defendant was waiving were separate and distinct from the rights automatically forfeited by pleading guilty (see People v Hall, 224 AD3d 776, 776 [2024]; People v Gamble, 194 AD3d 838, 839 [2021]). Although a written waiver form is not required for an appeal waiver to be valid (see People v Lopez, 210 AD3d 700, 701 [2022]; People v Brown, 122 AD3d 133, 138-139 [2014]), here, there was no written waiver form to supplement the deficient oral colloquy (see People v Martines, 239 AD3d 772, 773 [2025]). Moreover, "it will not be sufficient for the trial court to defer to the defendant's off-the-record conversations with defense counsel by merely confirming with defense counsel that he or she has discussed the waiver of the right to appeal with the defendant" (People v Neilson, 167 AD3d 779, 780 [2018] [internal quotation marks omitted]; see People v Rivera, 201 AD3d 673, 674 [2022]). Therefore, the purported waiver does not preclude review of defendant's appellate contentions.

Assuming that the sentence at issue here was "enhanced" (but see People v Michel, 221 AD3d 831, 831 [2023]; People v Kiefer, 195 AD3d 1315, 1317 [2021]), the fact that defendant has served the "enhanced" sentence renders moot his contention that the District Court erred in imposing it (see People v Walker, 127 AD3d 1506, 1506 [2015]; People v Nicholson, 31 AD3d 468, 469 [2006]; People v Dietz, 55 Misc 3d 149[A], 2017 NY Slip Op 50727[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Marrow, 52 Misc 3d 136[A], 2016 NY Slip Op 51046[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).

Defendant's constitutional challenge to CPL 420.35 (2-a) is unpreserved for appellate review (see CPL 470.05 [2]; People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006]) and, in any event, not properly before this court since there is no indication in the record that the Attorney General was given the requisite notice (see CPLR 1012 [b] [1], [3]; Executive Law § 71 [1], [3]; People v Brown, 64 AD3d 611, 611 [2009]). Defendant's challenge to the assessment of the surcharge and fees is also unpreserved (see CPL 470.05 [2]; People v McMahon, 149 AD3d 1102, 1103 [2017]; People v Kamal, 144 AD3d 1055, 1055 [2016]). "Additionally, since the assessments are mandatory, this court has no authority to waive them in the interest of justice" (People v Paris, 60 Misc 3d 139[A], 2018 NY Slip Op 51196[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; see CPL 420.35 [2]; People v Jones, 26 NY3d 730, 735 [2016]; People v Sirabella, 148 AD3d 1186, 1186 [2017]).

Accordingly, the judgment of conviction is affirmed.

CONWAY, J.P., DRISCOLL and LICCIONE, JJ., concur.

ENTER:

Jennifer Chan

Chief Clerk

Decision Date: April 30, 2026