(December 28, 2017)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRVING AYALA, Appellant. [65 NYS3d 693]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered October 7, 2009, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender, to a term of one year, unanimously affirmed.

Defendant's claim that the court's discussion of his rights under *Boykin v Alabama* (395 US 238 [1969]) was deficient is unpreserved, and does not fall within the narrow exception to the preservation requirement (*see People v Conceicao*, 26 NY3d 375, 381-382 [2015]). We decline to review defendant's claim in the interest of justice.

As an alternative holding, we find that the record as a whole establishes the voluntariness of the plea. A court's omission of the word "jury" in discussing a defendant's right to a trial does not, by itself, vitiate the validity of a guilty plea (*see e.g. People v Mendez*, 148 AD3d 555 [1st Dept 2017], *lv denied* 29 NY3d 1083 [2017]).

In any event, dismissal of the indictment, which is the only remedy sought on appeal, would not be the proper corrective action in this case. Concur—Acosta, P.J., Richter, Mazzarelli, Andrias and Gesmer, JJ.