People v Platel (2020 NY Slip Op 06150)





People v Platel


2020 NY Slip Op 06150


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-11694
 (Ind. No. 1112/18)

[*1]The People of the State of New York, respondent,
v
Jeff Platel, appellant.


Paul Skip Laisure, New York, NY (Dina Zloczower of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Christopher Blira-Koessler of counsel; Lorrie A. Zinno on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (John F. Zoll, J.), imposed August 23, 2018, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Thomas, 34 NY3d 545, 563-566). The Supreme Court mischaracterized the nature of the waiver by stating, inter alia, that the waiver meant that the defendant's "case wouldn't go to a higher Court," and that "no higher Court will review this case in any manner" (see id. at 563-566). Where, as here, "a trial court has utterly mischaracterized the nature of the right a defendant was being asked to cede, an appellate court cannot be certain that the defendant comprehended the nature of the waiver of appellate rights" (id. at 565 [internal quotation marks omitted]). Further, in light of the defendant's age, lack of experience with the criminal justice system, and mental health history, the court's limited colloquy did not ensure the defendant's understanding of the distinction between the right to appeal and the other rights that are automatically forfeited upon a plea of guilty (see People v Fuller, 163 AD3d 715). Further, the written waiver form did not overcome the ambiguities in the court's on-the-record explanation of the right to appeal (see People v Thomas, 34 NY3d at 568). Thus, the purported waiver of the right to appeal does not preclude this Court's review of the defendant's excessive sentence claim (see People v Fuller, 163 AD3d at 715).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., AUSTIN, ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court