People v Adyl K. (2020 NY Slip Op 06143)





People v Adyl K.


2020 NY Slip Op 06143


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-11569
 (Ind. No. 7521/17)

[*1]The People of the State of New York, respondent,
v
Adyl K. (Anonymous), appellant.


Paul Skip Laisure, New York, NY (David P. Greenberg of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel; Alastair Allen on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Dineen Riviezzo, J.), imposed August 7, 2018, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant pleaded guilty to grand larceny in the third degree, admitting that he stole a vehicle that had been left double-parked on a Brooklyn street with the keys in the ignition and the engine running. He was adjudicated a youthful offender and sentenced to a period of conditional discharge. On appeal, the defendant contends that the sentence was excessive and the Supreme Court should have imposed an unconditional discharge. The People counter, inter alia, that review of the defendant's contention is precluded by his valid waiver of the right to appeal.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545, 559; People v Lopez, 6 NY3d 248, 256). The Supreme Court did not discuss the appeal waiver as part of the plea bargain being offered to the defendant before the agreement was reached, and it was not until after the defendant had already admitted his guilt that the court "described" the waiver to the defendant (see People v Sutton, 184 AD3d 236, 245; People v Artis, 177 AD3d 758, 759; People v Pressley, 116 AD3d 794, 795). Further, based on the totality of the circumstances, including the defendant's young age, limited education, and lack of experience with the criminal justice system, the record does not establish that he understood the nature of the appellate rights he was waiving (see People v Eduardo S., ___ AD3d ___, 2020 NY Slip Op 04873 [2d Dept]; People v Christopher B., 184 AD3d 657, 660; People v Guang Chen, 176 AD3d 1095; People v Pressley, 116 AD3d at 795-796). To the extent that the People rely on a claimed written waiver, no written waiver is contained in the record on appeal (see People v Altamirano, 168 AD3d 870, 871; People v Ortiz, 167 AD3d 658, 659; People v Zirkel, 164 AD3d 846).
However, the sentence imposed was not excessive (see CPL 470.15[6][b]; People v Suitte, 90 AD2d 80).
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court