People v Blake (2022 NY Slip Op 06486)

People v Blake

2022 NY Slip Op 06486

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-06701
 (Ind. No. 71/17)

[*1]The People of the State of New York, respondent,
v
Moses Blake, appellant.

Patricia Pazner, New York, NY (Caitlyn Carpenter of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and William H. Branigan of counsel; Gianna Gambino on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Michael B. Aloise, J.), imposed July 15, 2019, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 264-265). The Supreme Court did not discuss the appeal waiver until after the defendant had already admitted his guilt as part of the plea agreement (see People v Diallo, 196 AD3d 598), and the court failed to ascertain "that the defendant understood the nature of the appellate rights being waived" and the consequences of waiving those rights (People v Thomas, 34 NY3d 545, 559; see People v Daniel, 188 AD3d 908). Further, although the defendant executed a written waiver of the right to appeal, the written waiver contained erroneous statements with regard to the issues encompassed by the waiver of the right to appeal (see People v Chy, 184 AD3d 664, 666; People v Wilkinson, 176 AD3d 879, 880) and was insufficient to cure the deficiencies in the oral colloquy (see People v Mendez, 202 AD3d 834, 835). Accordingly, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court