People v Bolton (2023 NY Slip Op 02534)

People v Bolton

2023 NY Slip Op 02534

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2022-00358
2022-00363
2022-00365

[*1]The People of the State of New York, respondent,
v
Robert J. Bolton, appellant. (Ind. Nos. 158/20, 246/20, 277/20)

Samuel S. Coe, White Plains, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from three judgments of the County Court, Orange County (William L. DeProspo, J.), all rendered December 16, 2021, convicting him of criminal possession of a weapon in the second degree under Indictment No. 158/20, criminal possession of a controlled substance in the third degree under Indictment No. 246/20, and criminal possession of a weapon in the second degree under Indictment No. 277/20, upon his pleas of guilty, and imposing sentences. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Samuel S. Coe for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Christopher Gurda, P.O. Box 578, Middletown, New York 10940 is assigned as counsel to prosecute the appeals; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated August 3, 2022, the appellant was granted leave to prosecute the appeals as a poor person, with the appeals to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
An appellate court's role in reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738) consists of two separate and distinct steps (see People v [*2]Murray, 169 AD3d 227, 231). The first step is the court's evaluation of assigned counsel's brief, "which must, to be adequate, discuss 'relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority" (id. at 232, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 258). The second step is to determine whether counsel's assessment that there are no nonfrivolous issues for appeal is correct (see People v Murray, 169 AD3d at 232; Matter of Giovanni S. [Jasmin A.], 89 AD3d 258). "In analyzing whether nonfrivolous appellate issues exist, it is essential to appreciate the distinction between a potential appellate argument that is merely meritless or unlikely to prevail and one that is frivolous" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). "Appeals that present issues that may be arguable on their merits—even if weakly or marginally so—must be perfected to fulfill the defendant's right to receive, and the attorney's obligation to provide, zealous representation" (People v Murray, 169 AD3d at 231). If the court concludes that there are nonfrivolous issues that could be raised on appeal, the court must assign new counsel to pursue the appeal on the defendant's behalf (see Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
Here, while we are satisfied with the sufficiency of the brief filed by assigned counsel, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the defendant's waivers of his right to appeal were valid (see People v Diallo, 196 AD3d 598, 598; People v Adyl K.,187 AD3d 1208, 1209), and whether the sentences imposed were excessive (see People v Suitte, 90 AD2d 80).
Accordingly, the assignment of new counsel is required.
CONNOLLY, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court