People v Heft (2023 NY Slip Op 05148)

People v Heft

2023 NY Slip Op 05148

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2022-09820
 (Ind. No. 50/22)

[*1]The People of the State of New York, respondent,
v
Madeline G. Heft, appellant.

Mark Diamond, Pound Ridge, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Hyun Chin Kim, J.), rendered October 12, 2022, convicting her of criminal possession of a weapon in the second degree, upon her plea of guilty, and sentencing her to a determinate term of imprisonment of two years, to be followed by a period of postrelease supervision of five years.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from a determinate term of imprisonment of two years, to be followed by a period of postrelease supervision of five years, to a determinate term of imprisonment of one year, to be followed by a period of postrelease supervision of five years; as so modified, the judgment is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived her right to appeal. The County Court did not discuss the appeal waiver with the defendant until after the defendant had already admitted her guilt as part of the plea agreement (see People v Blake, 210 AD3d 901; People v Diallo, 196 AD3d 598, 598). Further, when the court raised the issue of the appeal waiver, the defendant, who had no known prior contact with the criminal justice system, advised the court that she had not discussed the waiver with her attorney, which required a pause in the proceedings to give her an opportunity to do so. These circumstances, including the defendant's experience and background, demonstrate that the purported waiver of the right to appeal was invalid (see People v Conley, 150 AD3d 1023).
Pursuant to the Domestic Violence Survivors Justice Act (L 2019, ch 31, § 1; L 2019, ch 55, § 1, part WW, § 1 [eff May 14, 2019]; hereinafter the DVSJA), courts may "impose reduced alternative, less severe, sentences in certain cases involving defendants who are victims of domestic violence" (People v Burns, 207 AD3d 646, 648). Here, while the County Court granted the defendant's application for an alternative sentence under the DVSJA, we find that the sentence imposed should be reduced to the extent indicated herein (see People v Addimando, 197 AD3d 106).
BARROS, J.P., CONNOLLY, MILLER and WOOTEN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court