People v Jennings (2023 NY Slip Op 05517)

People v Jennings

2023 NY Slip Op 05517

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LILLIAN WAN, JJ.

2022-05628
 (Ind. No. 389/21)

[*1]The People of the State of New York, respondent,
v
Khalil Jennings, appellant.

Patricia Pazner, New York, NY (Anne Jouravleva of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle M. O'Boyle of counsel; Sarah Coon on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Ira H. Margulis, J.), imposed July 11, 2022, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal since the Supreme Court did not discuss the appeal waiver until after the defendant had already admitted his guilt as part of the plea agreement (see People v Blake, 210 AD3d 901; People v Diallo, 196 AD3d 598). Moreover, the court's colloquy improperly suggested that waiving the right to appeal was mandatory rather than a right which the defendant was being asked to voluntarily relinquish (see People v Posy, 165 AD3d 1176). Thus, the defendant's purported waiver of appeal does not foreclose appellate review of his excessive sentence claim.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., IANNACCI, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court