People v Frank (2024 NY Slip Op 00084)

People v Frank

2024 NY Slip Op 00084

Decided on January 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2022-08995

[*1]The People of the State of New York, respondent, 
v
Diamonique A. Frank, appellant. (S.C.I. No. 125/22)

Carol Kahn, New York, NY, for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered October 3, 2022, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record does not reflect that the defendant knowingly, voluntarily, and intelligently waived his right to appeal, as the County Court did not discuss the appeal waiver with the defendant until after he had already fully admitted his guilt as part of the plea agreement (see People v Heft, 220 AD3d 806; People v Blake, 210 AD3d 901, 901; People v Diallo, 196 AD3d 598, 598; People v Adyl K., 187 AD3d 1208). In light of this failure, and considering the defendant's relatively young age and limited contact with the criminal justice system, the record does not establish that the defendant understood the nature of the appellate rights he was waiving at the time he entered his plea of guilty (see People v Adyl K., 187 AD3d at 1208). Since the defendant did not validly waive his right to appeal, this Court is not precluded from considering the merits of his contention that the sentence imposed was excessive.
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., FORD, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court