People v Hendricks (2024 NY Slip Op 00638)

People v Hendricks

2024 NY Slip Op 00638

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LILLIAN WAN, JJ.

2022-08878
 (Ind. No. 71844/21)

[*1]The People of the State of New York, respondent,
v
Jamel Hendricks, appellant.

Patricia Pazner, New York, NY (Russ Altman-Merino of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel; Karen Abel-Bey on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Sharen D. Hudson, J.), imposed October 4, 2022, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). Contrary to the defendant's contention, the Supreme Court did not improperly suggest that by waiving his right to appeal, the defendant was waiving his right to assigned appellate counsel in the event he was indigent. The court's colloquy followed, almost verbatim, the model colloquy for the waiver of the right to appeal drafted by the Unified Court System's Criminal Jury Instructions and Model Colloquy Committee, the use of which has been endorsed by this Court in People v Batista (167 AD3d 69, 76-78), and by the Court of Appeals in People v Thomas (34 NY3d at 566-567). Moreover, the written waiver of appeal, which the defendant acknowledged reading, reviewing with defense counsel, and signing, correctly informed the defendant that by waiving his right to appeal, he "can still file a notice of appeal, [and] have an attorney appointed if [he] cannot afford one" (emphasis added) (see id. at 560; People v Brown, 122 AD3d 133, 140-141). Additionally, contrary
to the defendant's contention, he did not admit his guilt to the offense of which he was convicted until after the court had discussed the waiver of appeal with him (cf. People v Jennings, 221 AD3d 617; People v Heft, 220 AD3d 806). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255).
DILLON, J.P., CHAMBERS, MILLER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court