People v Hall (2024 NY Slip Op 00781)

People v Hall

2024 NY Slip Op 00781

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-08181
 (Ind. No. 72001/21)

[*1]The People of the State of New York, respondent, 
v
Tyler Hall, appellant.

Patricia Pazner, New York, NY (Sarah B. Cohen of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel; Rebecca Siegel on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (William M. Harrington, J.), imposed September 16, 2022, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Adyl K., 187 AD3d 1208, 1208-1209). The Supreme Court did not discuss the appeal waiver with the defendant until after the defendant had already admitted his guilt as part of the plea agreement (see People v Heft, 220 AD3d 806; People v Blake, 210 AD3d 901, 901; People v Adyl K., 187 AD3d at 1208). Moreover, the court's colloquy regarding the waiver of the right to appeal, which included a statement that, "[b]y pleading guilty[,] you would also be giving up your right to appeal," did not "make it clear to the defendant that an appeal waiver is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Fortier, 130 AD3d 642, 643 [internal quotation marks omitted]; see People v Moyett, 7 NY3d 892, 893). The written waiver of the right to appeal did not cure these deficiencies, as the court did not ascertain on the record whether the defendant had read the written waiver, discussed it with his attorney, or was aware of its contents (see People v Mitchell, 201 AD3d 818; People v Yancy, 165 AD3d 711, 712).
Nonetheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., CHRISTOPHER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court