People v Ford (2024 NY Slip Op 01725)

People v Ford

2024 NY Slip Op 01725

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-07879

[*1]The People of the State of New York, respondent,
v
Kwame Ford, appellant. (S.C.I. No. 74316/22)

Patricia Pazner, New York, NY (Russ Altman-Marino of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Sholom J. Twersky of counsel; Rebecca Siegel on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Jill Konviser, J.), imposed August 18, 2022, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the record does not reflect that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 264-265). The Supreme Court did not discuss the appeal waiver with the defendant until after he had already fully admitted his guilt as part of the plea agreement (see People v Hall, ____ AD3d ____, 2024 NY Slip Op 00781 [2d Dept]; People v Hernandez, 223 AD3d 751; People v Blake, 210 AD3d 901, 901; People v Diallo, 196 AD3d 598, 598). Given this failure, as well as the defendant's limited contact with the criminal justice system, the record does not establish that the defendant understood the nature of the appellate rights he was waiving (see People v Frank, 223 AD3d 683; People v Adyl K., 187 AD3d 1208). Since the defendant did not validly waive his right to appeal, this Court is not precluded from considering the merits of the defendant's contention that the sentence imposed was excessive.
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court