People v Jordan W. (2024 NY Slip Op 02335)

People v Jordan W.

2024 NY Slip Op 02335

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2023-02224
 (Ind. No. 70832/22)

[*1]The People of the State of New York, respondent,
v
Jordan W. (Anonymous), appellant.

Patricia Pazner, New York, NY (Elisabeth R. Calcaterra of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle M. O'Boyle of counsel; Lorrie A. Zinno on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Bruna L. DiBiase, J.), imposed January 26, 2023, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the record does not reflect that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 264-265). The Supreme Court did not discuss the waiver with the defendant until after he had already fully admitted his guilt as part of the plea agreement (see People v Ford, ____ AD3d ____, 2024 NY Slip Op 01725 [2d Dept]; People v Hall, 224 AD3d 776). Given this failure, as well as the defendant's age and limited contact with the criminal justice system, the record does not establish that the defendant understood the nature of the appellate rights he was waiving (see People v Frank, 223 AD3d 683; People v Adyl K., 187 AD3d 1208). Since the defendant did not validly waive his right to appeal, this Court is not precluded from considering the merits of the defendant's contention that the sentence imposed was excessive.
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court