People v Lawrence (2024 NY Slip Op 02545)

People v Lawrence

2024 NY Slip Op 02545

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2022-10012
 (Ind. No. 71237/22)

[*1]The People of the State of New York, respondent,
v
Jason Lawrence, appellant.

Patricia Pazner, New York, NY (Maisha Kamal of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle M. O'Boyle of counsel; Anne Marie Turton on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Toni M. Cimino, J.), imposed November 28, 2022, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid because the Supreme Court's oral colloquy mischaracterized the appellate rights waived as encompassing the loss of attendant rights to counsel and poor person relief (see People v Erdaide, 216 AD3d 1178; People v Francis, 215 AD3d 762, 762). Moreover, the court did not discuss the appeal waiver with the defendant until after he had already admitted his guilt as part of the plea agreement (see People v Heft, 220 AD3d 806; People v Blake, 210 AD3d 901, 901). Under the circumstances of this case, the defendant's execution of a written waiver of the right to appeal did not cure the deficient oral colloquy (see People v Matthew M., 224 AD3d 927, 929; People v Erdaide, 216 AD3d 1178). Accordingly, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim.
Nonetheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BRATHWAITE NELSON, J.P., CHRISTOPHER, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court