People v Haughton (2024 NY Slip Op 03696)

People v Haughton

2024 NY Slip Op 03696

Decided on July 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-05221
 (Ind. No. 95/21)

[*1]The People of the State of New York, respondent,
v
Pete Haughton, appellant.

Patricia Pazner, New York, NY (Anna Jouravleva of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel; Miles Palminteri on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Toni M. Cimino, J.), imposed June 17, 2022, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
"A waiver of the right to appeal is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Lopez, 6 NY3d 248, 256). Here, the defendant's purported waiver of the right to appeal was invalid. The Supreme Court did not discuss the appeal waiver with the defendant until after he had already admitted his guilt as part of the plea agreement (see People v Lawrence, ___ AD3d ___, 2024 NY Slip Op 02545 [2d Dept]; People v Ford, 225 AD3d 894; People v Sutton, 184 AD3d 236, 245), and the court's oral colloquy mischaracterized the appellate rights waived as encompassing the loss of attendant rights to counsel and poor person relief (see People v Lawrence, ___ AD3d ___, 2024 NY Slip Op 02545; People v Francis, 215 AD3d 762, 762). Moreover, given the court's failure to ascertain whether the defendant understood the contents of the written waiver of the right to appeal, together with defendant's documented mental health issues and the fact that this was his first felony conviction, the defendant's execution of a written waiver of the right to appeal after he had already admitted his guilt did not cure the court's deficient oral colloquy (see People v Lawrence, ___ AD3d ___, 2024 NY Slip Op 02545; People v Bakayoko, 174 AD3d 730, 731). Thus, the appeal waiver does not preclude review of the defendant's claim that the sentence imposed was excessive.
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court