People v Williams (2025 NY Slip Op 01120)

People v Williams

2025 NY Slip Op 01120

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2022-07876

[*1]The People of the State of New York, respondent,
v
Gashawn Williams, appellant. (S.C.I. No. 74449/22)

Patricia Pazner, New York, NY (Mark W. Vorkink of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Melissa Owen of counsel; Rebecca Siegel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jill Konviser, J.), rendered August 24, 2022, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review an order of protection issued at the time of sentencing.
ORDERED that upon the appeal from the judgment, the order of protection is modified, on the law, by deleting the provision thereof directing that it shall remain in effect until and including February 23, 2031, and substituting therefor a provision directing that it shall remain in effect until and including August 24, 2030; and it is further,
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the defendant's assertion that the duration of the order of protection exceeded the maximum period permissible under CPL 530.13(4)(A) is not subject to the rule of preservation. The Supreme Court did not announce the duration of the order of protection at the combined plea and sentencing proceeding, and thus the defendant had no practical ability to register a timely objection (see People v Vanhoven, 231 AD3d 752, 753; People v Sidney, 222 AD3d 1002, 1003; People v Delaurentis, 216 AD3d 664, 665). Moreover, as the People correctly concede, the duration of the order of protection exceeded the maximum period permissible under CPL 530.13(4)(A), which, under the circumstances, is eight years from the date of sentencing. The defendant requests, and the People concede, that the order of protection should be modified accordingly. We therefore modify the order of protection by providing that it shall remain in effect until and including August 24, 2030.
Contrary to the People's contention, the record fails to establish that the defendant knowingly, intelligently, and voluntarily waived his right to appeal (see People v Sanders, 25 NY3d 337, 340; People v Seaberg, 74 NY2d 1, 11). The appeal waiver was not mentioned at the beginning of the plea proceeding when the People, defense counsel, and the court all discussed the terms of the agreed upon bargain. It was not until after the defendant had already admitted to the facts of the crime that the court asked whether the People were asking for an appeal waiver. Thus, the record fails to establish that the defendant received a "material benefit" from the appeal waiver, and it [*2]appears to have been an "after-the-fact additional demand asserted after the bargain had already been struck" (People v Sutton, 184 AD3d 236, 245; see People v Burris, 231 AD3d 1063, 1064; People v Torres, 229 AD3d 469; People v Deas, 228 AD3d 954, 955; People v Reyes, 227 AD3d 830, 831; People v Jennings, 221 AD3d 617, 617; People v Blake, 210 AD3d 901; People v Diallo, 196 AD3d 598; People v Adyl K., 187 AD3d 1208, 1209). Accordingly, the purported appeal waiver does not preclude review of the defendant's excessive sentence claim.
Nevertheless, the sentence imposed was not excessive (see CPL 470.15[6][b]; People v Suitte, 90 AD2d 80).
GENOVESI, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court