People v Figueroa (2025 NY Slip Op 01177)

People v Figueroa

2025 NY Slip Op 01177

Decided on February 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2025

Before: Manzanet-Daniels, J.P., Kennedy, González, Rosado, Michael, JJ. 

Ind No. 730/15|Appeal No. 3793|Case No. 2016-01197|

[*1]The People of the State of New York, Respondent,
v
Angel Figueroa, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Thomas Palumbo of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Mallory Phelps of counsel), for respondent.

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered December 3, 2015, as amended January 29, 2016, convicting defendant, upon his plea of guilty, of sexual abuse in the first degree, and sentencing him, as a predicate sex offender with a prior violent felony offense, to a term of five years followed by 10 years of postrelease supervision, unanimously affirmed.
Defendant's claim that the court's discussion of his rights under Boykin v Alabama (395 US 238 [1969]) was deficient is unpreserved, and does not fall within the narrow exception to the preservation requirement (see People v Conceicao, 26 NY3d 375, 381 [2015]). We decline to review his claim in the interest of justice. As an alternative holding, we find that the record as a whole establishes that the plea was knowingly, intelligently, and voluntarily made, notwithstanding any deficiencies in the plea colloquy, including the lack of reference to the right against self-incrimination (see People v Velez, 138 AD3d 418 [1st Dept 2016], lv denied 27 NY3d 1140 [2016]). Moreover, a court's omission of the word "jury" in discussing a defendant's right to a trial does not, by itself, vitiate the validity of a guilty plea (see e.g. People v Ayala, 156 AD3d 547 [1st Dept 2017]).
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2025