People v Elmore (2025 NY Slip Op 03844)

People v Elmore

2025 NY Slip Op 03844

Decided on June 26, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 26, 2025

CR-23-2183
[*1]The People of the State of New York, Respondent,
v
Nicole Elmore, Appellant.

Calendar Date:May 28, 2025

Before:Aarons, J.P., Lynch, Ceresia, McShan and Powers, JJ.

Capezza Hill, LLP, Albany (Thomas A. Capezza of counsel), for appellant.
Steven M. Sharp, Special Prosecutor, Albany, for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Fulton County (Michael Smrtic, J.), rendered August 30, 2023, convicting defendant upon her plea of guilty of the crime of kidnapping in the first degree.
In June 2022, defendant was charged by indictment with kidnapping in the first degree, assault in the first degree and aggravated sexual abuse in the first degree. The charges stemmed from a prolonged incident during which defendant, while acting in concert with her codefendant, kidnapped and restrained the victim for approximately a week, throughout which time they subjected the victim to mutilation, burns, torture, sexual assault and, among other things, degradation. Thereafter, in full satisfaction of the indictment, defendant pleaded guilty to kidnapping in the first degree with the understanding that sentencing would be left up to County Court and that defendant would be allowed to present evidence to support her request for alternative sentencing under the Domestic Violence Survivors Justice Act (hereinafter DVSJA) (see Penal Law § 60.12, as amended by L 2019, ch 31, § 1; L 2019, ch 55, part WW, § 1). As part of this plea, defendant also waived her right to appeal both orally and in writing. Prior to sentencing, defendant submitted a forensic evaluation in support of her request for alternative compassionate sentencing under the DVSJA, and the parties stipulated that the hearing under Penal Law § 60.12 would consist only of written submissions. Following those submissions, a statement from the victim and other arguments, County Court found that defendant was a victim of domestic violence subjected to substantial abuse at the time of the instant offense, that the abuse was a significant contributing factor to her criminal conduct and that a sentence within the normal range for her crime would be unduly harsh. As such, the court granted defendant's application for compassionate sentencing under the DVSJA and sentenced defendant to a prison term of 12 years (see Penal Law § 60.12 [3]), to be followed by five years of postrelease supervision. Defendant appeals.
We affirm. Initially, we disagree with defendant's argument that her waiver of appeal is not valid. The record reflects that County Court thoroughly advised defendant that a waiver of appeal was an express condition of the plea agreement, that the waiver was "separate and distinct" from the trial-related rights that she was forfeiting by pleading guilty and that certain issues survived the waiver and could be raised on appeal. Defendant then executed a detailed written appeal waiver in open court and reviewed that waiver with defense counsel. The written waiver entered into during the plea colloquy made clear that defendant was waiving, among other claims, her right to challenge the severity of the sentence on appeal and/or that it should be reduced in the interest of justice but also made clear that the waiver "was not an absolute bar to taking a direct appeal and that some issues were nonwaivable[*2], while providing specific examples of some of those rights that did survive the waiver" (People v Robinson, 236 AD3d 1182, 1183 [3d Dept 2025]). Under these circumstances, we are satisfied that defendant's combined oral and written appeal waiver was knowing, voluntary and intelligent (see People v Thomas, 34 NY3d 545, 558 [2019]; People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]). We note that it was not necessary for County Court to "delineate all the issues that survive a valid appeal waiver. Provided the defendant is waiving his or her right to appeal knowingly, intelligently and voluntarily, trial judges are not required to follow 'any particular litany when apprising a defendant pleading guilty of the individual rights abandoned' " (People v Robinson, 236 AD3d at 1183, quoting People v Lopez, 6 NY3d at 256; see People v Brown, 37 NY3d 940, 941-942 [2021]; People v Wint, 222 AD3d 1050, 1051 [3d Dept 2023], lv denied 41 NY3d 945 [2024]). Given defendant's valid waiver of appeal, she is precluded from challenging the severity of the reduced alternative sentence that she received under the DVSJA (see People v Brown, 37 NY3d at 941-942; People v Pacherille, 25 NY3d 1021, 1023-1024 [2015]; People v Butler, 232 AD3d 935, 936 [3d Dept 2024], lv denied 43 NY3d 929 [2025]; see also People v Lopez, 6 NY3d at 255-256; compare People v Ava OO., 233 AD3d 1186, 1187 [3d Dept 2024]; People v Heft, 220 AD3d 806, 806 [2d Dept 2023]). Defendant's remaining claims have been reviewed and found to be lacking in merit.
Aarons, J.P., Lynch, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed.