People v Doe (2025 NY Slip Op 04017)

People v Doe

2025 NY Slip Op 04017

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2022-03990
 (Ind. No. 1373/21)

[*1]The People of the State of New York, respondent,
v John Doe, appellant.

Twyla Carter, New York, NY (Sylvia Lara Altreuter of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Nicholas Isaacson of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ushir Pandit-Durant, J.), rendered April 26, 2022, convicting him of sexual abuse in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the validity of his plea of guilty is unpreserved for appellate review because the defendant did not move to withdraw his plea or otherwise object to its entry prior to the Supreme Court imposing sentence (see People v Williams, 27 NY3d 212, 214; People v Lee, 225 AD3d 788, 788-789). In any event, the record demonstrates that the defendant's plea of guilty was entered knowingly, voluntarily, and intelligently (see People v Barnes, 206 AD3d 1713, 1714; People v Ayala, 156 AD3d 547, 547; People v Jackson, 114 AD3d 807, 808).
However, the record does not establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 264-265; People v Hernandez, 223 AD3d 751, 752-753). The Supreme Court did not mention the appeal waiver until after the defendant had already admitted his guilt as part of the plea agreement (see People v Heft, 220 AD3d 806; People v Blake, 210 AD3d 901; People v Diallo, 196 AD3d 598, 598). Thus, the purported waiver does not preclude this Court's review of the defendant's excessive sentence claim (see People v Platel, 187 AD3d 1216, 1216; People v Fuller, 163 AD3d 715, 715).
Nevertheless, contrary to the defendant's contention, the period of postrelease supervision imposed was not excessive (see People v Suitte, 90 AD2d 80).
GENOVESI, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court