People v Bonfante (2025 NY Slip Op 06068)

People v Bonfante

2025 NY Slip Op 06068

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-03241
 (Ind. No. 72648/22)

[*1]The People of the State of New York, respondent,
v
Jorge Bonfante, appellant. Patricia Pazner, New York, NY (Mark W. Vorkink of counsel), for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Trevor B. Cannella of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Jerry M. Iannece, J.), rendered February 27, 2023, convicting him of possessing a sexual performance by a child, upon his plea of guilty, and imposing sentence of a term of probation, including Condition No. 14, requiring the defendant to support dependents and meet other family responsibilities.
ORDERED that the judgment is modified, on the law, by deleting Condition No. 14 from the conditions of probation; as so modified, the judgment is affirmed.
Contrary to the People's contention, the record does not reflect that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 264-265). The Supreme Court did not address the appeal waiver as part of the plea bargain being offered to the defendant before the agreement was reached, and it was not until after the defendant had already admitted his guilt that the Supreme Court discussed the waiver with the defendant (see People v Ford, 225 AD3d 894; People v Marcelle, 222 AD3d 883; People v Adyl K., 187 AD3d 1208). Since the defendant did not validly waive his right to appeal, this Court is not precluded from considering the merits of the defendant's contention that the sentence imposed was excessive (see People v Marcelle, 222 AD3d at 883).
However, contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
As part of the sentence of probation imposed on the defendant, the Supreme Court imposed conditions of probation, including a condition requiring the defendant to support dependents and meet other family responsibilities.
"Pursuant to Penal Law § 65.10(1), the conditions of probation 'shall be such as the court, in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him [or her] to do so'" (People v Dranchuk, 203 AD3d 741, 742, quoting Penal Law § 65.10[1]; see People v Sobers, 235 AD3d 908). "The statute 'quite clearly restricts probation conditions to those reasonably related to a defendant's rehabilitation'" (People v [*2]Dranchuk, 203 AD3d at 742-743, quoting People v Letterlough, 86 NY2d 259, 265; see People v Sobers, 235 AD3d at 909).
Here, under the circumstances of this case, the Supreme Court improperly imposed Condition No. 14, requiring the defendant to "[s]upport dependents and meet other family responsibilities," as this condition was not individually "tailored to suit the probationer" (People v Hale, 93 NY2d 454, 461; see People v Sobers, 235 AD3d at 909-910). Accordingly, we modify the conditions of probation by deleting Condition 14.
The defendant's remaining contention need not be reached in light of our determination.
BARROS, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court