People v Hyman (2025 NY Slip Op 07021)

People v Hyman

2025 NY Slip Op 07021

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-05893
 (Ind. No. 71484/23)

[*1]The People of the State of New York, respondent,
vAndre Hyman, appellant.

Patricia Pazner, New York, NY (William Kastin of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle S. Fenn of counsel; Miguel A. Dominguez on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Jerry M. Iannece, J.), imposed June 5, 2023, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 264-265). The Supreme Court did not mention the appeal waiver as part of the plea bargain being offered to the defendant before the agreement was reached, and it was not until after the defendant had already admitted his guilt that the court discussed the waiver with the defendant (see People v Bonfante, ____ AD3d ____, 2025 NY Slip Op 06068; People v Marcelle, 222 AD3d 883; People v Sutton, 184 AD3d 236, 245). Thus, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim (see People v Marcelle, 222 AD3d at 883).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., GENOVESI, FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court