People v Ishmael
2026 NY Slip Op 03823
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Darryel Ishmael, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2021-08269, (Ind. No. 1663/19)
Colleen D. Duffy, J.P.
Lara J. Genovesi
Deborah A. Dowling
James P. McCormack, JJ.

Patricia Pazner, New York, NY (Sankeerth Saradhi of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel; Christopher Aranda on the brief), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ushir Pandit-Durant, J.), rendered November 9, 2021, convicting him of rape in the first degree and criminal sexual act in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review two orders of protection issued at the time of sentencing.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the record does not establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sutton, 184 AD3d 236, 245; People v Pressley, 116 AD3d 794, 795). The record failed to indicate that the People, rather than the Supreme Court, required a waiver of the right to appeal as a condition of the plea agreement (see generally People v Sutton, 184 AD3d at 244-245). Thus, the purported waiver does not preclude this Court's review of the defendant's excessive sentence claim (see People v Platel, 187 AD3d 1216, 1216; People v Fuller, 163 AD3d 715, 715).
Nonetheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention regarding the duration of the orders of protection issued at sentencing is unpreserved for appellate review, since the defendant did not raise the contention at sentencing or move to amend the orders of protection (see People v Nieves, 2 NY3d 310, 316-317; People v Sutki S., 185 AD3d 610, 612). In any event, the defendant's contention that the duration of the orders of protection exceed the maximum time limit of CPL 530.12(5) is without merit (see People v Williams, 19 NY3d 100, 104-105; People v Zhiminaicela—Duchitanga, 214 AD3d 1005, 1005).
DUFFY, J.P., GENOVESI, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court